## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FLEXICORP, INC., and Illinois corporation, individually and as the representative for a class of similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN & WILLIAMS DEBT COLLECTORS, INC., BENJAMIN AND WILLIAMS CONSULTING, INC., BENJAMIN AND WILLIAMS MARKETING CORP. a/k/a BENJAMIN AND WILLIAMS CREDIT INVESTIGATORS, INC. and WILLIAM MECCA.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 06-cv-3183 VMK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MOTION TO DISMISS AND IN THE ALTERNATIVE TO TRANSFER VENUE

Defendants WILLIAM MECCA, BENJAMIN AND WILLIAMS CONSULTING, INC., BENJAMIN AND WILLIAMS MARKETING CORP. a/k/a BENJAMIN AND WILLIAMS CREDIT INVESTIGATORS, INC. (collectively "Moving Defendants"), by and through their attorneys WALKER WILCOX MATOUSEK LLP, hereby move for dismissal for lack of personal jurisdiction, and pursuant to Fed. R. Civ. Pro. 12(b)(2), for Dismissal on the basis of *forum non conveniens*, and pursuant to Fed. R. Civ. Pro. 12(b)(3), and for transfer of venue pursuant to 28 U.S.C. §1404(a), and in support state as follows:

1. Plaintiff filed its Second Amended Complaint against the Moving Defendants in the Circuit Court of Cook County, Illinois, a true and correct copy of which is attached and incorporated as Exhibit A. At the time Plaintiff's Second Amended Complaint was filed, Defendant William Mecca's Motion to Dismiss Plaintiff's First Amended Complaint was

pending. This matter was subsequently removed to this Court and Plaintiff's deadline for seeking remand has expired.

2. This Court lacks general personal jurisdiction over Defendant William Mecca because he has committed no acts that would subject him to the general jurisdiction of Illinois. See Affidavit of William Mecca, a true and correct copy of which is attached and incorporated as Exhibit B.

3. This Court lacks specific personal jurisdiction over Defendant William Mecca because he did not send the fax attached to Plaintiff's Second Amended Complaint. See Deposition of William Mecca at 57-58, a true and correct copy of which is attached and incorporated as Exhibit C. RAR Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir. 1997) Even he had sent the fax, the fiduciary shield doctrine would prevent this Court from exercising personal jurisdiction. Rice v. Nova Biomedical Corp., 38 F.3d 909, 912-14 (7th Cir. 1994).

4. This Court should dismiss this action on the basis of *forum non conveniens* in favor of the New York State Supreme Court, Suffolk County. This is an adequate, alternative forum because all Defendants are (or were) residents of Suffolk County, New York See Exhibit C. Such dismissal will allow a complete action to proceed, given this Court's lack of personal jurisdiction over William Mecca. Moreover, doing so will avoid duplicative and unnecessary litigation, given that Plaintiff will eventually have to litigate contentious veil piercing and successorship issues in New York. Accordingly, this Court would be a tremendously inconvenient forum, while litigating in New York State Supreme Court, Suffolk County would promote convenience, fairness and judicial economy. ISI Int'l, Inc. v. Borden Lavner Gervais LLP, 316 F.3d 731, 732-33 (7th Cir. 2003).

5. Alternatively, this Court should transfer venue to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §1404(a). Having jurisdiction over Suffolk County, this forum indisputably has personal jurisdiction over all defendants and venue would be proper. Such transfer would allow a complete action to proceed, given this Court's lack of personal jurisdiction over William Mecca. Moreover, transferring venue would avoid duplicative and unnecessary litigation, given that Plaintiff will eventually have to litigate contentious veil piercing and successorship issues in New York. Allied Van Lines, Inc. v. Aaron Transfer and Storage, Inc., 200 F.Supp.2d 941, 948 (N.D.Ill. 2002).

6. Thus, transfer or dismissal would prevent the "waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusan v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 809 (1964) quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960).

7. In further support, Moving Defendants submit a Memorandum of Law, filed contemporaneously with this Motion.

WHEREFORE, Defendants WILLIAM MECCA, BENJAMIN AND WILLIAMS CONSULTING, INC., BENJAMIN AND WILLIAMS MARKETING CORP. a/k/a BENJAMIN AND WILLIAMS CREDIT INVESTIGATORS, INC respectfully request that this Honorable Court dismiss Plaintiff's claims against WILLIAM MECCA for lack of personal jurisdiction, and dismiss the remaining claims pursuant to the doctrine of *forum non conveniens* in favor of the New York State Supreme Court, Suffolk County or alternatively, transfer venue of this matter to the United States District Court for the Eastern District of New York and for all such further relief this Honorable Court deems just and proper.

Respectfully submitted,

WALKER WILCOX MATOUSEK LLP

By: _____
One of its Attorneys

Dated: September 7, 2006
Peter G. Daniels (6255809)
**WALKER WILCOX MATOUSEK LLP**
225 West Washington St.
24th Floor
Chicago, Illinois 60606
Phone: (312) 244-6700
Fax:    (312) 244-6800

## **CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, state that on September 7, 2006, I served a true and correct copy of *Defendants' Motion to Dismiss and in the Alternative to Transfer Venue*, on the parties listed below by depositing the same in the U.S. mail at 225 West Washington Street, Chicago, Illinois at or before 5:00 p.m. with proper postage prepaid:

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Phillip A. Bock
Diab & Bock LLC
20 N. Wacker Dr., Suite 1741
Chicago, IL 60606

_____
Peter G. Daniels

{File: 00014776.DOC / 1}