# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FLEXICORPS, INC., an Illinois corporation, individually and as the representative for a class of similarly situated persons, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 06 C 3183<br>) |
| v. | ) Judge Virginia M. Kendall<br>) |
| BENJAMIN & WILLIAMS DEBT COLLECTORS, INC., BENJAMIN & WILLIAMS CONSULTING, INC., BENJAMIN & WILLIAMS MARKETING CORP. a/k/a BENJAMIN AND WILLIAMS CREDIT INVESTIGATORS, INC., and WILLIAM MECCA, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Flexicorps, Inc. brings this putative class action against Defendants for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/2, and for conversion. Plaintiff's claims arise from a fax allegedly sent by Defendant Benjamin & Williams Debt Collectors, Inc. ("BW Debt Collectors") to Plaintiff. Benjamin and Williams Consulting Inc. ("BW Consulting") and Benjamin and Williams Marketing Corp. a/k/a Benjamin and Williams Credit Investigators, Inc. ("BW Marketing") were corporations formed to continue the business of BW Debt Collectors. William Mecca is the sole shareholder in all three corporations. Defendants collectively have moved to dismiss this action on the basis of *forum non conveniens* or, alternatively, to transfer the action to the United States District Court for the Eastern District of New York under 28 U.S.C. § 1404(a). If neither of these motions is granted, Mecca separately moves to dismiss all

claims against him on the grounds that this Court has no jurisdiction over him personally.

Because Mecca has not had sufficient contacts with Illinois, this Court cannot exercise personal jurisdiction over him. Notwithstanding this Court's lack of personal jurisdiction over Mecca, neither the convenience of the parties and witnesses nor the interests of justice require this Court to transfer this action under § 1404(a) or dismiss it on grounds of *forum non conveniens*.

### Plaintiff's Allegations

On March 1, 2004, BW Debt Collectors transmitted by telephone facsimile machine an unsolicited advertisement to Plaintiff's telephone facsimile machine. (Compl. ¶ 12.) Mecca is President and sole shareholder of BW Debt Collectors. (Compl. ¶ 10.) Mecca also wholly owns BW Consulting and BW Marketing. (Compl. ¶ 11.) After Plaintiff initiated the instant litigation, Mecca transferred to BW Consulting and BW Marketing the accounts and assets of BW Debt Collectors. (Compl. ¶ 11.) BW Consulting and BW Marketing now operate with the same employees, telephone numbers and website as BW Debt Collectors. (Compl. ¶ 11.)

Defendants have sent thousands of unsolicited facsimile advertisements throughout the United States. (Compl. ¶ 14.) By sending these unsolicited faxes to Plaintiff and the other class members, Defendants violated the ICFA and TCPA.[1] (Compl. ¶¶ 16-29; 40-50.) Defendants also improperly and unlawfully converted Plaintiff's and other class members' fax machine toner, paper, memory, and employee time to Defendants' own use. (Compl. ¶¶ 30-39.)

---

[1] The ICFA generally prohibits a person from using "a facsimile machine to send or cause to be sent to another person a facsimile of a document containing unsolicited advertising." 720 ILCS 5/26-3(b). The TCPA prohibits a person from using "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1).

2

**Discussion**

All Defendants have moved to dismiss or transfer this matter in the interests of convenience and justice. Mecca himself moves to dismiss Plaintiff's claims, pursuant to Federal Rules of Civil Procedure 12(b)(2), for lack of personal jurisdiction. Because it will inform the transfer inquiry, this Court will look first at whether it has jurisdiction over Mecca personally. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1194 (2007) ("In the mine run of cases, jurisdiction 'will involve no arduous inquiry' and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum 'should impel the federal court to dispose of [those] issue[s] first.'" (citation omitted)).

**I.  Personal Jurisdiction**

A plaintiff bears the burden of "demonstrating the existence of personal jurisdiction." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Although a court must take the allegations made in the complaint as true, these allegations can be disputed and opposed by affidavits. *See Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987) (superceded by statute on other grounds). If any conflicts exist between a plaintiff's and defendant's affidavits, the conflicts are resolved in the plaintiff's favor. *See id*.

A federal court may assert personal jurisdiction over a defendant if there is either consent to a service of summons or, in the absence of consent, authorization for a service of summons. *See Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Mecca has not consented to service in Illinois. The Federal Rules of Civil Procedure authorize service in the state in which the district court resides, or beyond the limits of that state when authorized by a federal statute or the Rules. FED. R. CIV. P. 4(f). A party not "found within the state in which the district court is held"

may be served "in the manner prescribed by the statute" giving rise to the cause of action. *Id*. 4(e); *see also Omni Capital*, 484 U.S. at 105. If the federal statute does not prescribe a method of service, "service may . . . be made under the circumstances and in the manner prescribed in [the] statute or rule" of a court of the state in which the district court resides. FED. R. CIV. P. 4(e). Therefore, a federal court will look to either the federal statute giving rise to the cause of action or the long-arm statute of the state in which it sits in order to determine whether the assertion of personal jurisdiction over the absent defendant is proper. *See Omni Capital*, 484 U.S. at 105.

The TCPA does not speak to how process is to be served in private actions. 47 U.S.C. § 227.[2] The Illinois long-arm statute contains a "catch-all" provision that "permits its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitutions." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 714-15 (7th Cir. 2002) (citing 735 Ill. Comp. Stat. 5/2-209(c)). Because there is no "operative difference" between the limits on personal jurisdiction in the Illinois and United States Constitutions, the Seventh Circuit has instructed a district court to look directly at whether the due process guaranteed in the United States Constitution allows for the exercise of personal jurisdiction over a defendant. *Hyatt*, 302 F.3d at 715 (citing *RAR*, 107 F.3d at 1276).

In order to satisfy federal due process, a defendant must have sufficient contact with the state such that the assertion of jurisdiction will not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In establishing jurisdiction over a non-resident defendant, a court may look to either general jurisdiction or specific jurisdiction. *See RAR, Inc.*, 107 F.3d at 1277. If a defendant's contact with the state has been "continuous and

---

[2] Under subsection (f), addressing Actions by States, process "may be served in any district in which the defendant is an inhabitant or where the defendant may be found." 47 U.S.C. § 227(f)(4).

systematic," the court may assert general jurisdiction even if the suit did not arise out of those contacts. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). If a defendant has not had continuous and systematic contact with the forum state, personal jurisdiction is conditioned upon there being a sufficient amount of minimum contacts and the lawsuit at issue arising from, or being related to, those contacts. *See id*. at 414 n.8; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).

Plaintiff alleges that Mecca does business in Illinois and purposefully directed BW Debt Collectors' business activities into Illinois. Plaintiff further alleges that Mecca "authorized, permitted and actively participated" in sending the advertising fax to Flexicorps. (Compl. ¶ 10.) Without controverting evidence, these allegations would be taken as true. In an affidavit, Mecca asserts that he is a resident of the State of New York, owns no property in Illinois, has no other fiduciary interests in Illinois, conducts no personal business in Illinois, and has not traveled to Illinois since 1974. Further, in his deposition, Mecca denied authorizing, directing or requesting that the fax be sent to Flexicorps. In response, Plaintiff offers evidence that BW Debt Collectors reached into Illinois in order to solicit business and perform services. Plaintiff also points out that Mecca was the sole shareholder of BW Debt Collectors; a corporation that held no shareholder meetings, elected no officers and drafted no corporate minutes. On Mecca's whim, all of BW Debt Collectors' assets and employees were transferred to the newly formed BW Consulting and BW Marketing. From this evidence, Plaintiff argues that because BW Debt Collectors was a "sham" corporation and the "alter ego" of Mecca, the fiduciary shield should be pierced and BW Debt Collectors' contacts with Illinois should provide a sufficient basis for personal jurisdiction over Mecca.

Plaintiff puts the cart before the horse. In order for the fiduciary shield doctrine to apply, the

5

individual first must have minimum contacts with the forum state sufficient to establish personal jurisdiction. *See Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994). At that point, the fiduciary shield doctrine may nevertheless prevent a court from asserting personal jurisdiction over an individual if that individual's "presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal." *Id*. (citing *Rollins v. Ellwood*, 565 N.E.2d 1303, 1313-18 (Ill. 1990)). Plaintiff has not established through affidavits or other evidence that Mecca personally directed BW Debt Collectors' activities in Illinois generally or the unsolicited fax specifically. Plaintiff, for example, could have taken the depositions of BW employees to determine Mecca's role in the day-to-day operations of BW Debt Collectors. It is not enough that Mecca had a controlling interest in BW Debt Collectors. *See, e.g., Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000) (corporate ownership alone is not sufficient for personal jurisdiction); *Alpert v. Bertsch*, 601 N.E.2d 1031, 1035 (Ill. App. 1992) (no personal jurisdiction over nonresident corporate shareholders and directors who did not engage in tortious conduct in Illinois). Since Plaintiff has not met its threshold burden of showing Mecca's contacts with Illinois, Plaintiff cannot use the fiduciary shield doctrine to expand this Court's exercise of personal jurisdiction – the fiduciary shield is just that, a shield, not a sword.

## II.     Motion to Transfer or Dismiss

Defendants move to transfer this case under § 1404(a) to the Eastern District of New York or to dismiss it on *forum non conveniens* grounds in favor of the New York State Supreme Court, Suffolk County. Congress largely superceded the *forum non conveniens* doctrine in 1948 when it enacted 28 U.S.C. § 1404(a). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) ("The harshest result of the application of the old

doctrine of *forum non conveniens*, dismissal of the action, was eliminated by the provision in § 1404 for transfer."). As a consequence, the *forum non conveniens* doctrine "'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best." *See Sinochem Int'l*, 127 S. Ct. at 1190, quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994). Section 1404(a) gives district courts discretion to transfer cases upon a lesser showing of inconvenience than that required to dismiss on grounds of *forum non conveniens*. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood*, 349 U.S. at 31 (it is "perfectly clear that the purpose of [§ 1404(a)] of the Revised Judicial Code was to grant broadly the power of transfer for the convenience of parties and witnesses, in the interests of justice, whether dismissal under the doctrine of *forum non conveniens* would have been appropriate or not"). Therefore, if the movant cannot meet the threshold required for transfer under § 1404(a), dismissal of the action on *forum non conveniens* grounds in favor of a state court usually is inappropriate.

A federal district court, in which a suit is filed with proper venue, may "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court may transfer an action under § 1404(a) or dismiss it on grounds of *forum non conveniens* even when it lacks personal jurisdiction over all defendants. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (finding that district courts may grant a petition to transfer whether the court in which the case was filed had personal jurisdiction over the defendants or not); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (under § 1404(a), as under § 1406(a), the transferring court need not have personal jurisdiction over the defendants); *Sinochem Int'l*, 127 S. Ct. at 1192 ("A district court therefore may dispose of an

7

action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant."). Plaintiff does not dispute that this action may have been brought in the Eastern District of New York. Thus, the question before the Court is whether transferring this case would increase the convenience of the parties and witnesses and advance the interests of justice. *See Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (§ 1404(a) requires "individualized, case-by-case consideration of convenience and fairness").

>    A.    **Convenience of the Parties and Witnesses**

As a practical measure, the movant bears the burden of proving that the alternate forum is more convenient and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum is rarely disturbed." *In re Nat'l Presto Indus., Inc.*, 374 F.3d 662, 664-65 (7th Cir. 2003), quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see Peterson v. Union Pac. R.R. Co.*, 2006 WL 1049715, *1 (N.D. Ill. 2006) (discussing level of deference to be afforded a plaintiff's choice of forum). A plaintiff's choice of forum is afforded substantial weight particularly when it is the plaintiff's home forum. *See Sinochem Int'l*, 127 S. Ct. at 1191; *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 802 (7th Cir. 1997). Plaintiff is an Illinois corporation whose initial choice of forum was the state court in Cook County, Illinois – Defendants initiated the removal to federal court. Plaintiff maintains its principal place of business in Illinois.[3] Defendants address this issue passively, stating that they are situated in New York. But a transfer pursuant to § 1404(a) should not

---

[3] Plaintiff asserts that this Court should not transfer venue because its attorneys are handling this case on a contingent basis, are not licensed in New York, and do not know any New York attorneys who would take this case on a contingent basis. However, "the convenience of an attorney is not a factor" in considering a motion to transfer venue. *See China Indus. (USA), Inc. v. New Holland Tire, Inc.*, 2006 WL 2290975, *5 (N.D. Ill. 2006).

merely "shift the convenience from one party to another." *Warshawsky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1259 (7th Cir. 1977). Whenever the plaintiff and defendant are in different states, as is the case here, there will inevitably be an inconvenience to one side; "and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue." *In re Nat'l Presto Indus.*, 347 F.3d at 665.

Defendants contend that "[a]ll pertinent documents and witnesses (except for Plaintiff and Plaintiff's fax) are located in New York." Defendants bear the burden of establishing through affidavits, depositions or other documents the location of witnesses and documents and their materiality to the issues in the case. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293-94 (7th Cir. 1989) (suggesting moving party should supply "affidavits, depositions, stipulations, or any other type of document containing facts tending to establish who (specifically) it planned to call or the materiality of their testimony"); *Howell v. Joffe*, 2006 WL 3253641, *3 (N.D. Ill. 2006) ("The party seeking transfer must clearly specify key witnesses to be called and make a general statement as to their testimony."). Other than citing the location of Defendants' corporate offices and Mecca's residence, Defendants did not provide any information regarding the location or materiality of witnesses and documents. On this point, courts generally assume that a party and its employees will testify voluntarily at trial. *See FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993) (noting that corporate employees have sufficient motivation to testify). As such, Defendants have failed to demonstrate that the Plaintiff's choice of forum should be disturbed because the convenience of the parties and witnesses weighs in favor of transfer.

**B.     Interests of Justice**

Although the convenience of the parties and witnesses does not favor transfer, "[t]he 'interest

of justice' is a separate component of a § 1404(a) transfer analysis and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986) (internal citations omitted). The interest of justice component focuses on the efficient and fair administration of the courts more than on the interests of the litigants themselves. *See id.* at 220-21. Relevant to this component is the relative speed with which the case will get to trial, having a judge familiar with the applicable law try the case, the relationship of the parties and claims to the forum and access to sources of proof. *See Heller*, 883 F.2d at 1293. Defendants argue that it will be inefficient to try this matter in Illinois because Mecca is not subject to the jurisdiction of this Court. Additionally, Defendants assert that questions of whether Mecca will be liable under a piercing the corporate veil theory and whether BW Marketing or BW Consulting has successor liability for claims against BW Debt Collectors are governed by New York law, requiring that separate actions be filed in New York to enforce a claim.

 First, it is Plaintiff's choice whether it wants to pursue its claim in this forum without Mecca and with the concomitant prospect of incomplete relief. *See LaSalle Bus. Credit, L.L.C v. GCR Eurodraw S.p.A.*, 2004 WL 1880004, *5 (N.D. Ill. 2004). Second, a federal court sitting in diversity applies the choice-of-law rules of the state in which it sits to determine the substantive law that applies. *See Hinc v. Lime-O-Sol Co.*, 382 F.3d 716, 719 (7th Cir. 2004). Under Illinois choice-of-law rules, a determination of the applicable law need be made only when the bodies of law at issue are in conflict with one another, and the parties disagree over which state's laws apply. *See Wood v. Mid-Valley Inc.*, 942 F.2d 425, 427 (7th Cir. 1991) (holding that "courts do not worry about conflict of laws unless the parties disagree on which state's law applies"). Since the parties have not identified a conflict between the two bodies of state law which potentially apply to Plaintiff's

substantive claims, the law of the forum state – Illinois – governs Plaintiff's claims of conversion and consumer fraud. *See Massachusetts Bay Ins. Co. v. Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1120 (7th Cir. 1998). The district court in New York likewise would apply Illinois law. *See Van Dusen*, 376 U.S. at 639 ("[W]here the defendants seek transfer, the transferee district must be obligated to apply the state law that would have been applied if there had been no change of venue."). Thus, while issues of piercing the corporate veil and successor liability may be governed by New York law, Illinois law governs the substance of Plaintiff's claims. *See Peterson v. U.S. Steel Corp.*, 624 F. Supp. 44, 46 (N.D. Ill. 1985). Indeed, since this Court lacks personal jurisdiction over Mecca, the question of piercing the corporate veil will not arise in this forum. A third, less important, reason to refuse transfer is that the New York district court likely would not have jurisdiction over the action because the Second Circuit does not recognize federal question jurisdiction over TCPA claims and diversity jurisdiction does not exist since the amount in controversy is less than $75,000. *Compare Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450 (7th Cir. 2005) (recognizing federal jurisdiction over TCPA claims) with *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Srvcs., Ltd.*, 156 F.3d 432, 435 (2d Cir. 1998) ("Congress intended to confer exclusive state court jurisdiction over private rights of action under the TCPA"); *see also McMasters v. U.S.*, 260 F.3d 814, 819 (7th Cir. 2001) ("Although the law of the transferor court continues to apply when a diversity case is transferred from one district court to another under § 1404(a), the transferee court is usually free to decide federal issues in the manner it views as correct without deferring to the interpretation of the transferor circuit") (internal quotations omitted). In the end, Defendants have not established that the interests of justice compel transfer of this action to New York under § 1404(a).

**Conclusion and Order**

Plaintiff and Defendant both have failed to meet the burdens necessary to support their respective positions. Plaintiff did not prove that Mecca's minimum contacts with Illinois are sufficient to allow this Court's exercise of personal jurisdiction over him. Defendant did not prove that the convenience of the parties and witnesses and the interests of justice warrant transfer of this action. Additionally, because Defendants failed to meet the statutory threshold required for transfer under § 1404(a), dismissal under the common law doctrine of *forum non conveniens* likewise is unwarranted. Wherefore, Defendants' Motion to Dismiss William Mecca for lack of personal jurisdiction is granted; Defendants' Motion to Dismiss on grounds of forum non conveniens or to Transfer Venue under § 1404(a) is denied.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: May 29, 2007