# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FLEXICORPS, INC., an Illinois corporation, individually and as the representative for a class of similarly situated persons, | )<br>)<br>) |
| | ) Case No. 06 C 3183 |
| Plaintiff, | ) |
| v. | ) Judge Virginia M. Kendall |
| | ) |
| BENJAMIN & WILLIAMS DEBT COLLECTORS, INC., BENJAMIN & WILLIAMS CONSULTING, INC., BENJAMIN & WILLIAMS MARKETING CORP. a/k/a BENJAMIN AND WILLIAMS CREDIT INVESTIGATORS, INC. | )<br>)<br>)<br>)<br>)<br>) |
| | ) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Flexicorps, Inc. ("Flexicorps") brings this putative class action against Defendants for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/2, and conversion. Plaintiff's claims arise from a fax allegedly sent by Defendant Benjamin & Williams Debt Collectors, Inc. ("BW Debt Collectors") to Plaintiff on March 1, 2004. Benjamin and Williams Consulting Inc. ("BW Consulting") and Benjamin and Williams Marketing Corp. a/k/a Benjamin and Williams Credit Investigators, Inc. ("BW Marketing") were corporations formed to continue the business of BW Debt Collectors. William Mecca is the sole shareholder in all three corporations. Defendants BW Consulting and BW Marketing have moved to dismiss this action as against them for failure to state a claim upon which relief may be granted. For the reasons set forth below, Defendants BW Consulting and BW Marketing's Motion to Dismiss is denied.

# PLAINTIFF'S ALLEGATIONS[1]

On March 1, 2004, BW Debt Collectors transmitted by telephone facsimile machine an unsolicited advertisement to Plaintiff's telephone facsimile machine. (Compl. ¶ 12.) Plaintiff is an Illinois corporation. (Compl. ¶ 9.) BW Debt Collectors is a New York corporation with an office in New York. (Compl. ¶ 10.) Mecca is President and sole shareholder of BW Debt Collectors. (Compl. ¶ 10.) BW Debt Collectors did not adopt bylaws, hold annual meetings, or hold elections for directors or officers of the corporation. (Compl. ¶ 10.)

Mecca also wholly owns and operates BW Consulting and BW Marketing. (Compl. ¶ 11.) BW Consulting and BW Marketing are New York corporations that were formed to carry on the business of BW Debt Collectors. (Compl. ¶ 11.) Plaintiff alleges that BW Consulting and BW Marketing were formed to avoid liability in the current suit. (Compl. ¶ 11.) After Plaintiff initiated the instant litigation, Mecca transferred to BW Consulting and BW Marketing the remaining accounts and assets of BW Debt Collectors. (Compl. ¶ 11.) BW Consulting and BW Marketing operate with the same employees, telephone numbers, and website as BW Debt Collectors. (Compl. ¶ 11.)

Defendants have sent thousands of unsolicited facsimile advertisements throughout the United States. (Compl. ¶ 14.) By sending these unsolicited faxes to Flexicorps and the other class

---

[1] BW Consulting and BW Marketing filed an affidavit in support of its Motion to Dismiss. The purpose of a motion to dismiss is to test the sufficiency of the complaint under the applicable pleading standard, not to decide the merits of the challenged claims. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996) (*citing Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). Because the submission of facts outside the allegations of the complaint is improper under Federal Rule of Civil Procedure 12(b)(6), the Court has elected to ignore the affidavit rather than convert the motion to one of summary judgment under Federal Rule of Civil Procedure 56. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1944).

members, BW Debt Collectors, BW Consulting, and BW Marketing violated the ICFA and TCPA. (Compl. ¶¶ 16-29; 40-50.) BW Debt Collectors, BW Consulting, and BW Marketing also improperly and unlawfully converted Plaintiff's and other class members' fax machine toner, paper, memory, and employee time to Defendants' own use. (Compl. ¶¶ 30-39.) While BW Consulting and BW Marketing were formed after BW Debt Collectors sent the unsolicited fax to Flexicorps, Flexicorps alleges that BW Consulting and BW Marketing are liable as successor corporations to BW Debt Collectors. (Compl. ¶ 11.)

## STANDARD

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965.

## DISCUSSION

BW Consulting and BW Marketing have moved to dismiss Plaintiff's claims, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Plaintiff's claims against BW Consulting and BW Marketing are based on the theory of successor liability. Before evaluating the

3

sufficiency of the allegations, the Court must ascertain the applicable body of law governing successor liability in the current suit. When the laws of two different states conflict such that the difference between the relevant laws will affect the outcome of the case, a choice of law analysis is required. *Int'l Adm'rs, Inc. v. Life Ins. Co.*, 753 F.2d 1373, 1376 n.4 (7th Cir. 1985). Because the Court believes that such a difference exists between New York and Illinois successor liability law, a choice of law analysis is necessary.

I.      Choice of Law Analysis

The Complaint alleges that Defendants are liable, as successor corporations, for: (I) violating the TCPA; (II) conversion; and (III) violating the ICFA. While successor liability is typically governed by state law, Flexicorps asserts a federal claim (Count I) as well as two state claims (Counts II and III). Thus, the Court must conduct a choice of law analysis for the federal claim and a separate choice of law analysis for the state claims to determine what law governs each claim. Because it will inform the federal claim analysis, the Court will look first at the choice of law analysis for Plaintiff's state claims.

A.      *Conversion (Count II) and the Illinois Consumer Fraud Act (Count III)*

When addressing a state claim, this Court must apply the substantive law of Illinois, including its choice of law principles. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941); *Bancoklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999) ("A federal court sitting in diversity applies the substantive law, including choice of law rules, of the forum state. This rule also applies when a federal court exercises supplemental jurisdiction over state law claims in a federal question lawsuit.") (citation omitted). Under the principles of *depecage*, a court must "cut[] up a case into individual issues," and apply the law of the state that has the most

significant relationship to the occurrence and the parties with respect to each issue involved. *Ruiz v. Blentech*, 89 F.3d 320, 324 n.1, 324-25 (7th Cir. 1996). Thus, when conducting a choice of law analysis for successor liability, a court should conduct one analysis for the issues of successor liability and a separate analysis for the issues of the underlying claim. *Id.* at 326. Successor liability is a matter of corporate law to which Illinois courts apply the "most significant contacts" test. *Id.*

Here, allegations within the Complaint indicate that only two states have significant contacts with the issues raised: Illinois and New York. As between these two states, the Court finds that New York has the most significant contacts to the issue of successor liability. BW Debt Collectors, BW Consulting, and BW Marketing are all New York corporations and the alleged transfer of accounts and assets occurred as between the three New York corporations. Further, BW Debt Collectors maintains an office in New York and BW Consulting and BW Marketing operate with the same employees, telephone numbers, and website as BW Debt Collectors. Thus, because New York has the most significant relationship to the successor liability issues presented in the current case, this Court will apply New York law to resolve the issue of successor liability under Counts II and III.

    B.    *Telephone Consumer Protection Act (Count I)*

Because Count I is a federal cause of action, the Court is not obligated to apply substantive state law or to employ a choice of law analysis to resolve the issue of what law governs successor liability. *See, e.g.*, *Hemstreet v. Compuscan, Inc.*, No. 90 C 378, 1990 U.S. Dist. LEXIS 8686, at *7 (N.D. Ill. July 13, 1990). The TCPA neither addresses nor provides choice of law direction on the issue of successor liability. While federal courts have been given the power to fashion federal common law to fill a void such as this, few cases actually warrant the creation and application of federal common law. *Atherton v. FDIC*, 519 U.S. 213, 218 (1997). The question of whether the

latent federal power should be exercised to displace state law is primarily a question for Congress, not the court. *Id.* (*Citing Wallis v. Pan Am. Petroleum Corp.*, 384 U.S. 63, 68 (1966)). Further, the existence of a federal statute does not automatically mean Congress intended the courts to create common law rules. *Id.* Thus, when a court decides to fashion rules of federal common law, the guiding principle is that a significant conflict exists between some federal policy or interest and state law. *Id.*

In the current case, neither party has argued that a significant conflict exists such that the creation of federal common law is warranted. Nor has the Court found that the use of state law creates a significant conflict with, or threat to, a federal interest. Thus, the Court will not apply federal common law to resolve the issue of successor liability under Count I. Instead, the Court adopts the analysis employed above and will use the law of the state that has the most significant contacts with the successor liability issue.

Accordingly, the Court will apply New York successor liability law to Counts I, II, and III.

II.     Successor Liability Under New York Law

Under New York law, a corporation that purchases the assets of another corporation is not liable for the debts and liabilities of the seller. *Cargo Partner AG v. Albatrans, Inc. (Cargo Partner AG I)*, 352 F.3d 41, 45 (2d Cir. 2003); *Schumacher v. Richards Shear Co.*, 451 N.E.2d 195, 198 (N.Y. 1983). However, an asset purchaser may be liable under the successor liability doctrine where: (1) a corporation expressly or impliedly assumed the seller's liabilities; (2) there was a consolidation or merger, including de facto merger, of the seller and purchaser; (3) the purchaser was a mere continuation of the selling corporation; or (4) the transaction is entered into fraudulently in order to

escape liability for such obligation.² *Schumacher,* 451 N.E.2d at 245; *Cargo Partner AG I*, 352 F.3d at 45. These well-established exceptions apply to both tort and non-tort cases. *See, e.g., Cargo Partner AG v. Albatrans, Inc. (Cargo Partner AG II)*, 207 F. Supp. 2d 86, 110 (S.D. N.Y. 2001).

A de facto merger "occurs when a transaction, although not in form a merger, is in substance 'a consolidation or merger of seller and purchaser.'" *Cargo Parter AG I*, 352 F.3d at 46 (*quoting Schumacher*, 451 N.E.2d at 198). To determine whether a de facto merger has occurred, New York courts have generally looked at the following four factors: (1) continuity of the selling corporation, evidenced by the same management, personnel, assets, and physical location; (2) continuity of ownership in which the shareholders of the acquired corporation have been compensated with an interest in the acquiring corporation; (3) cessation of ordinary business and dissolution of the selling corporation; and (4) the assumption of the seller's liabilities that are necessary for the uninterrupted continuation of business. *Cargo Partner AG I*, 352 F.3d at 46. Continuity of ownership is a necessary predicate to the finding of a de facto merger. *New York v. Nat'l Servs. Indus., Inc.*, 460 F.3d 201, 212 (2d Cir. 2006) (*citing In re New York City Asbestos Litig.*, 789 N.Y.S.2d 484, 487

---

² The Court concludes that the Federal Rules of Civil Procedure 9(b) heightened pleading standard does not apply to claims for successor liability. In support of this conclusion, the Court adopts the following reasoning set forth in *Kruse v. Aamed, Inc.*, No. 96 C 5344, 1997 U.S. Dist. LEXIS 2530, at *12 (N.D. Ill. Mar. 4, 1997):

> First, it is possible to find successor liability without any finding of fraud -- through any of the other three exceptions to the non-liability rule. Therefore, it would be unfair to apply Rule 9(b) to these situations in which liability may be found in the absence of fraud. Second, even if there is a finding of liability based on the "fraudulent purpose of escaping liability of the seller's obligations," this is not a claim for fraud. Indeed, this exception is similar to the requirement that there be at least a hint of fraud before finding alter ego liability. Just as the latter type of claim does not fall within the narrow scope of Rule 9(b), neither does the former. It is not a claim for fraud.

(N.Y. App. Div. 2005)). In regards to the third factor, the fact that a predecessor company does not immediately liquidate is not dispositive in the de facto merger analysis. "So long as the acquired corporation is shorn of its assets and has become, in essence, a shell, legal dissolution is not necessary before a finding of a de facto merger will be made." *In re AT&S Transp., LLC v. Odyssey Logistics & Tech. Corp.*, 803 N.Y.S.2d 118, 121 (N.Y. App. Div. 2005) (slip op.) (citing *Fitzgerald v. Fahnestock & Co.*, 730 N.Y.S.2d 70, 72 (N.Y. App. 2001)).

Finally, the "mere continuation" exception refers to corporate reorganization "where only one corporation survives the transaction; the predecessor must be extinguished." *Schumacher,* 451 N.E.2d at 245.

In the present case, allegations within the Complaint create a plausible entitlement to relief against BW Consulting and BW Marketing under New York successor liability laws. Specifically, the Complaint states a claim under both the second and fourth successor liability exceptions. Flexicorps alleges that BW Consulting and BW Marketing: (1) were formed to carry on the business of BW Debt Collectors, (2) were formed to avoid liability in the case; (3) received, through transfer from BW Debt Collectors, the remaining accounts and assets of BW Debt Collectors, and (4) operate with the same employees, telephone numbers, and website as BW Debt Collectors. These allegations raise a reasonable expectation that discovery will reveal evidence of a de facto merger or that BW Debt Collectors entered into the sale of assets transaction with BW Consulting and BW Marketing to escape its obligations to Flexicorps.

BW Consulting and BW Marketing contend, however, that Flexicorps cannot state a successor liability claim because successor liability applies only to tort cases. As noted above, New

8

York courts have repeatedly applied the successor liability doctrine to matters outside the realm of tort law. *See, e.g., Cargo Partner AG II*, 207 F. Supp. 2d at 110 (a holding that "successor liability (under the four standard exceptions stated in *Schumacher*) applies only to tort cases – is . . . erroneous"); *Int'l Private Satellite Partners, L.P. v. Lucky Cat Ltd.*, 975 F. Supp. 483 (W.D. N.Y. 1997) (contract); *Fitzgerald v. Fahnestock & Co.*, 730 N.Y.S.2d 70 (N.Y. App. 2001) (contract); *Ladenburg Thalmann & Co. v. Tim's Amusements, Inc.*, 712 N.Y.S.2d. 526 (N.Y. App. Div. 2000) (contract). Thus, there is no indication that New York successor liability laws cannot be applied to Plaintiff's tort claim of conversion, ICFA claim, or federal TCPA claim.

Because Plaintiff has pleaded facts sufficient to suggest a plausible entitlement to relief against BW Consulting and BW Marketing, BW Consulting and BW Marketing's Motion to Dismiss is denied.

## CONCLUSION AND ORDER

For the foregoing reasons, BW Consulting and BW Marketing's Motion to Dismiss is denied.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: October 30, 2007